IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER TODD BENTON,
    Petitioner,

vs.                                            Case No. 3:07cv401/LAC/EMT

STATE OF FLORIDA,
    Respondent.
_____/

**O R D E R**

Now pending is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  The filing fee has been paid.

Petitioner is a state prisoner incarcerated at Okaloosa Correctional Institution.  Following a jury trial in 1990, Petitioner was convicted in the Circuit Court in and for Santa Rosa County, Florida, of two counts of burglary of a structure, two counts of trespass, two counts of petit theft, one count of burglary of a conveyance, one count of grand theft auto, and one count of grand theft (Doc. 1 at 1, supporting memorandum at 2).  He was sentenced as a habitual felony offender to a total term of twenty (20) years of incarceration (*id*., supporting memorandum at 2).  Petitioner states that his maximum release date was March 23, 2010, but with the award of gain time, he was released on January 26, 2006 (*id*. at 2–3).  Petitioner states that when he was released, he was released under conditional release supervision by the Florida Parole Commission (FPC), pursuant to Florida Statutes section 947.1405 (*id*.).  In 2007, Petitioner was found in violation of the conditions of his release and sentenced to serve the remainder of his prison term, approximately fifty (50) months (*id*. at 2).

In the instant petition, Petitioner claims that he should not have been subject to supervision upon his release but was subjected to such because of the decision in Deason v. Florida Department of Corrections, 705 So. 2d 1374 (Fla. 1998), which was decided after the time he committed the

original offenses (Doc. 1 at 4, supporting memorandum at 3–11). Therefore, he contends, the application of the control release statute is a violation of the due process and ex post facto clauses of the Constitution. Petitioner acknowledges that he previously filed in this court a petition for writ of habeas corpus (Doc. 1 at 3). Indeed, the court notes that Petitioner filed a section 2254 petition in <u>Benton v. Florida Parole Commission</u>, Case No. 3:99cv134/LAC/MD. In that petition, Petitioner challenged the FPC's extension and subsequent revocation of his control release date (CRD) as an unconstitutional violation of the ex post facto clause. <u>Benton v.Florida Parole Commission</u>, Case No. 3:99cv134/LAC/MD (N.D. Fla. Apr. 12, 2001), Doc. 1. Following a Report and Recommendation, the claim was rejected on the merits. *Id.*, Docs. 37, 41. Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appellate court affirmed the decision of the district court. *Id.*, Doc. 57.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); <u>In re Medina</u>, 109 F.3d 1560 (11th Cir. 1997). The instant petition is clearly "second or successive," because Petitioner challenges the FPC's application of the control release statute to the same conviction and sentence as challenged in Case No. 3:99cv134/LAC/MD. Therefore, unless Petitioner has obtained the requisite permission from the Eleventh Circuit Court of Appeals to file the instant petition, this district court would be precluded from considering the merits of the petition. Accordingly, Petitioner shall be required to demonstrate that he has obtained the requisite certification from the Eleventh Circuit.

Accordingly, it is **ORDERED**:

1. Petitioner shall have **THIRTY (30) DAYS** from the date of docketing of this order to submit a statement signed under penalty of perjury stating whether he has obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his second federal habeas petition and, if not, why the instant petition should not be dismissed as second or successive.

2. Petitioner's failure comply with this order will result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 12th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**